An information was brought against the defendant upon the act 5 and 6 Geo. 2., laying a duty upon slaves, for not transmitting to the collector of the duties, a list of the slaves by him sold, imported in the ship A. The defendant offered as witnesses, the master and steward of the ship, to whom Mr. Attorney objected, as parties interested, having slaves of their own on board ; but the Court seemed to think it no objection, and said at the bar, if two are concerned in a trespass and one is indicted, the other may be a witness for or against him. And by Sir John Randolph, if one is sued for any matter for which another is also chargeable, that other person may be a witness. The jury found a special verdict, that the act was passed July 1st, 1732, about four in the afternoon, and the ship came to an anchor off Back river the said first of July, about two leagues from the shore, came into the capes about twelve, and came to an anchor between seven and eight, and could have got up to York if they had had a pilot. On the second of July got into the mouth of York, on the third to Yorktown, *9 and entered the fifth. Two questions were made upon the verdict. 1. Whether the day of passing the act was exclusive or inclusive. 2. Whether this was an information. . The words of the act are, ‘ From and after the passing of this act, there shall be paid, &c. for all slaves imported or brought into this colony and dominion for sale, Sic.’ As to the first, for the King, it was insisted, diere could be no fraction of a day, and the act being passed the first of July, that whole day must be included ; and Clayton’s case, 5 Rep. 1.was cited.*
Hopkins, for the defendant, agreed there was no fraction of a day, but insisted the day of passing the act was excluded, and consequently this importation was before the act, and cited Clayton’s case supra, and the case in Dyer, 5 Eliz. 218, there cited1, which seemed to be in point. As to the second, I insisted for the King, that the place where the ship anchored the 1st of July was not within any port, and so no importation. To which it was answered, there are no ports laid out here as in England, and that coming within the capes, with an intent to come straight to Virginia, is an importation. — Judgment for the defendant.
Vide Hopkins’s argument, in Libro. Parso. 84. 2. H.
Reported by Edward Barrada!], Esq,

 Holt’s opinion also cited, Rob. How’s case. 2 Salk. 625. Lord Roekirig-iunn v. Oxeodem. 2 Salk. 578. -